IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Harley, ) | C/A No.  0:13-2350-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Robert Ward, Director; Larry Cartledge, ) | |
| Warden; A/W Mauney; Maj. Earley; Cpt. ) | |
| Miller; Lt. Cashwell; Sgt. McCall; C/O ) | |
| Gardner; Harper, HCA; N/P Enloe; PRN Dean; ) | |
| State Class. Com. Director; Lt. Lt Robinson; ) | |
| Sgt. Popella; Plan Wk'er Ogunsile; A/W ) | |
| Claytar, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Thomas Harley ("Plaintiff"), a self-represented litigant, brings this action pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Plaintiff is an inmate confined at Perry Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint, as amended, in accordance with applicable law, the court concludes that Defendants Ward, Claytar, Mauney, and Popella should be summarily dismissed without prejudice and without the issuance and service of process.

**I.     Factual and Procedural Background**

Plaintiff, who has filed fifteen cases in this court since 1996, is a 66-year-old prisoner serving a life sentence for murder at Perry Correctional Institution.  Although his allegations are somewhat difficult to decipher, he appears to claim the following.

Apparently, Plaintiff is being held in a "cold cell," where he is denied any means by which to warm himself. (ECF No. 1 at 2.)  He claims that these conditions are life-threatening, as his body



is physically unable to regulate its temperature, and the cold increases his incidence of asthma attacks, causes his arthritic pain to be excruciating, and results in pinpricks of pain like frostbite. (ECF No. 1-2 at 2.)

Plaintiff additionally makes accusations of being denied due process in being relegated to the cold cell. (Id.) He complains of receiving inadequate medical care; his glasses being negligently broken and not replaced; a hearing aid not being returned; denial of legal supplies; not being provided replacements for his tattered underwear, washcloth and socks; and confiscation of his medication. (See generally ECF Nos. 1-2 through 1-5; ECF Nos. 28, 28-1.) Plaintiff also seeks to have the defendants cease macing him and falsely charging him. (ECF No. 2 at 2.) Plaintiff contends that being subjected to repeated strip-celling is cruel and unusual punishment. (ECF No. 28-1 at 7.)

Plaintiff additionally complains that numerous defendants have failed to address his hearing impairment. (See generally ECF No. 28.) As a result, he was maced by Defendant McCall, subjected to a strip search, and "housed celled" for 144 hours, unnecessarily. (Id. at 7.)

Plaintiff also claims that several defendants subjected him to, *inter alia*, excessive force, harassment, and denial of medication, either directly or under respondeat superior. (See, e.g., ECF No. 28 at 9.) Plaintiff specifically alleges that his medication was confiscated, resulting in his unnecessary suffering. (ECF No. 28-1 at 10.)

Plaintiff asks this court to order that the defendants refrain from retaliating against him; return, repair or replace his hearing aid; dispense appropriate medical care; ensure that he is not chemically-maced; refrain from subjecting Plaintiff to "strip body cell"; replace his personal items, as needed; repair or replace his eyeglasses; and ensure that he timely receives legal supplies. (ECF No. 28 at 11-12.) Plaintiff also asks for an award of damages. (Id. at 12.)



**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint, as amended, pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

  **B. Analysis**

    **1. Personal Involvement**

The Amended Complaint should be summarily dismissed as to Defendants Ward, Mauney, and Claytar because Plaintiff has failed to allege any facts showing personal involvement by these defendants in connection with any alleged constitutional violation. See Iqbal, 556 U.S. at 677. The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim



against a government official in his individual capacity.  Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

### 2. Access to the Courts

To the extent Plaintiff attempts to raise a claim of denial of access to the courts, he has failed to allege any "actual injury" attributable to this claim.  The United States Supreme Court directs that an inmate alleging denial of court access must demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration.  Lewis v. Casey, 518 U.S. 343, 349 (1996).  Specific allegations must be made as to the actual injury sustained by the plaintiff claiming infringement of his right of access to the courts.  See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); Strickler v. Waters, 989 F.2d 1375,1385 (4th Cir.), cert. denied, 510 U.S. 949 (1993) (affirming the "basic requirement that [the plaintiff] show specific harm or prejudice from the allegedly denied access").  The Amended Complaint does not allege any actual injury, so it fails to state a § 1983 claim for unconstitutional denial of access to the courts.  This claim should therefore be dismissed for failure to state a claim on which relief may be granted.

### 3. Conditions of Confinement

Plaintiff specifically accuses Defendant Popella of failing to serve Plaintiff a drink with his meal on a single occasion.  (ECF No. 28 at 9; ECF No. 28-1 at 2, 3, 5.)  The Supreme Court has held that "extreme deprivations" are required to make a valid "conditions-of-confinement" claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

> To establish that an inmate has suffered cruel and unusual punishment based on his conditions of confinement, he must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotation marks and citations omitted), and establish that prison officials acted with "a sufficiently culpable state



of mind," that is, deliberate indifference to the inmate's health and safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal quotation marks omitted).

<u>Coleman v. Poff</u>, 497 F. App'x 337, 338 (4th Cir. 2012). Plaintiff's claim against Defendant Popella thus fails as he has not alleged either serious or significant injury, nor that this defendant acted with deliberate indifference to his health or safety.

### C. Plaintiff's Motions

Prior to completion of initial review of Plaintiff's Complaint and compliance with the court's proper form orders, Plaintiff filed a Motion for Summary Judgment and a Motion for Judgment on the Pleadings. (ECF Nos. 15 & 19.) Accordingly, the court finds that these motions were filed prematurely and should be dismissed with leave to re-file at the appropriate time.

### RECOMMENDATION

Accordingly, the court recommends that the Amended Complaint be summarily dismissed as to Defendants Ward, Claytar, Mauney, and Popella without prejudice and without issuance and service of process and that Plaintiff's motion for summary judgment and motion for judgment on the pleadings be dismissed. By separate order, service of process is being directed as to the remaining defendants as to the claims in the Amended Complaint excepting any claim based on a denial of access to the courts..

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 6, 2014
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).