IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Thomas Harley ) | Civil Action No.: 0:13-cv-2350-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Robert Ward, Director; Larry ) | |
| Cartledge, Warden; A/W Mauney; ) | |
| Maj. Earley; Cpt. Miller; Lt. ) | |
| Cashwell; Sgt. McCall; C/O ) | |
| Gardner; Harper, HCA; N/P Enloe; ) | |
| PRN Dean; State Class. Com. ) | |
| Director; Lt. Lt Robinson; Sgt. ) | |
| Popella; Plan Wk'er Ogunsile; A/W ) | |
| Clayar, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Thomas Harley ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. *See* Am. Compl., ECF No. 28 at 3. The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett.[1] In the R & R, the Magistrate Judge recommends that the Amended Complaint be summarily dismissed as to Defendants Ward, Claytar, Mauney, and Popella, without prejudice and without service of process. *See* R & R, ECF No. 40 at 6. The R & R also recommends that Plaintiff's Motion for Summary Judgment, ECF No. 15, and Motion for Judgment on the Pleadings, ECF No. 19, be denied as

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

untimely with leave to refile. *See id.* Finally, it recommends that Plaintiff's denial of access to courts claim be dismissed for failure to state a claim upon which relief may be granted. *See id.* at 5.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

After conducting a liberal construction of the Amended Complaint—which the Court notes is mostly incoherent and vague—the Magistrate Judge determined that Plaintiff asserts the following: various claims related to the conditions of his confinement, inadequate medical care,

excessive force, and harassment.[2] *See* ECF No. 40 at 2–3. The Magistrate Judge conducted a thorough review of Plaintiff's Amended Complaint, and recommended the Court find that it fails to allege any facts showing personal involvement by Defendants Ward, Mauney, or Claytar in connection with any alleged constitutional violation. *See id.* at 4–5. With regard to Plaintiff's denial of access to the courts, the Magistrate Judge recommended finding that, to the extent Plaintiff raises this claim, he has not alleged any actual injury and thus has failed to state a claim upon which relief may be granted. *See id.* at 5. Finally, with regard to Defendant Popella, the Magistrate Judge recommended finding that Plaintiff's allegations that Defendant Popella failed to serve him a drink with his meal on a single occasion did not rise to the level of the "extreme deprivation" required to make a valid conditions of confinement claim. *See id.*

Plaintiff timely filed objections to the R & R. The Court may only consider objections to the R & R that direct it to a specific error in the Magistrate Judge's R & R. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn. 1–3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. Plaintiff's objections do not point the Court to any specific error by the Magistrate Judge. Nevertheless, after conducting its own thorough review of the Amended Complaint, the Court finds that it agrees with the Magistrate Judge. Therefore, the Court adopts the Magistrate Judge's analysis in the R & R as its own. *See* ECF No. 40 at 4–7.

---

[2] The R & R contains a more extensive attempt at translating the allegations of the Complaint. *See* ECF No. 40 at 1–2.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's amended complaint, the R & R, Plaintiff's objections to the R & R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint is **DISMISSED** *without prejudice* and without service of process as to Defendants Ward, Mauney, Claytar, and Popella. Plaintiff's claim for denial of access to courts is also **DISMISSED** *without prejudice*. Finally, Plaintiff's motion for summary judgment, ECF No. 15, and motion for judgment on the pleadings, ECF No. 19 are **DENIED**, *without prejudice* and with leave to refile at the appropriate time. The remaining Defendants and other claims concerning them shall proceed as recommended by the Magistrate Judge.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 1, 2014