IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Thomas Harley, | ) | Civil Action No.: 0:13-cv-02350-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Larry Cartledge, Warden; Maj. Earley; Cpt. Miller; Lt. Cashwell; Sgt. McCall; C/O Gardner; Harper, HCA; N/P Enloe; PRN Dean; State Class.Com. Director; Lt. Robinson; Plan Wker Ogunsile, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] The above-captioned Defendants jointly filed a motion for summary judgment (ECF No. 84). The plaintiff has filed two motions for judgment on the pleadings or for summary judgment (ECF Nos. 67, 81); two motions for preliminary injunctive relief (ECF Nos. 62, 104[2]); a motion for hearing (ECF No. 68); and a motion for default judgment (ECF No. 93). In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motion and deny Plaintiff's motions.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[2] The second motion for injunctive relief (ECF No. 104) also requests the issuance of a temporary restraining order.

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a state prisoner proceeding *pro se*, filed this action on September 4, 2013. Pursuant to a proper form order, he filed an amended complaint on December 16, 2013. He alleges various claims related to the conditions of his confinement under 42 U.S.C. § 1983 and a state law claim for negligence[3] arising largely from an incident which occurred on August 1, 2013. Defendant officials with the South Carolina Department of Corrections ("SCDC") had escorted the plaintiff back to his cell after a sick call visit. Defendant Gardner noticed that the air vent in Plaintiff's cell was covered with paper. When Gardner removed the paper from the vent, Plaintiff allegedly became "loud, aggressive, and noncompliant." (ECF No. 84-9 at 1) Defendant McCall directed Plaintiff to face the wall, but he moved to the center of the cell. Harley was allegedly unable to hear a directive by Defendant McCall to stop. Plaintiff has a hearing impairment in one ear, and a sign had been placed outside his cell to notify staff concerning the hearing impairment. Notations in his medical records, however, indicated that he was able to communicate with medical providers. When Plaintiff failed to act in accordance with the officer's directive, McCall sprayed chemical munitions into Plaintiff's face. When Plaintiff continued to disobey the officer, he was sprayed two additional times. Plaintiff also alleges that McCall pulled on a chain on Plaintiff's wrist and broke his glasses during the incident. He additionally alleges other matters which are summarized in the R&R. (ECF No. 97, pp. 2-3). Although Plaintiff asserts that he suffered a back injury, the medical records do not support this allegation.

Defendants jointly filed a motion for summary judgment on August 15, 2014, arguing that Plaintiff's claims are meritless. After receiving notice pursuant to *Roseboro v. Garrison*, 528 F.2d

---

[3] In this Court's previous order adopting an R&R in this case (ECF No. 60), the Court noted, "After conducting a liberal construction of the Amended Complaint—which the Court notes is mostly incoherent and vague—the Magistrate Judge determined that Plaintiff asserts the following: various claims related to the conditions of his confinement, inadequate medical care, excessive force, and harassment." *Id*. at. 2-3.

309 (4th Cir. 1975), Plaintiff responded to the motion on August 21, 2014. The Magistrate Judge issued her R&R on November 24, 2014, recommending that summary judgment be granted in favor of Defendants. (ECF No. 97) Objections to the R&R were due on December 11, 2014. Utilizing the date of the prison mail room stamp as the date of filing, Plaintiff filed objections on December 15, 2014. ( ECF No. 99) Plaintiff filed a motion to extend time to obtain copies of exhibits (ECF No. 100) and subsequently filed the exhibits on December 22, 2014. The plaintiff's objections and supplement thereto were not timely filed. However, out of an abundance of caution, the Court will consider them. The plaintiff's [100] motion to extend time is deemed moot.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting Defendants' motion for summary judgment. Specifically, she concludes that summary judgment should be granted as to Plaintiff's official capacity claims seeking money damages on the basis of the Eleventh Amendment. She also concludes that Plaintiff has shown no evidence of excessive force, medical deliberate indifference, or deliberate indifference relating to conditions of confinement. (R&R 5-16) Moreover, the Magistrate Judge concludes that Plaintiff's complaints regarding his custody classification and his claims based on respondeat superior do not rise to the level of a constitutional claim. Finally, she concludes that the federal court lacks jurisdiction over any state law claims because the state of South Carolina has consented to suit in state court but not federal court. Plaintiff's objections largely parrot the allegations of his complaint and the arguments in his response to Defendants' motion for summary judgment. As such, Plaintiff fails to point this Court to any *specific* error committed by the Magistrate Judge, as Plaintiff is required to do. Accordingly, the Court, finding no clear error, accepts the recommendations of the Magistrate Judge as modified, as discussed below. However, out of an abundance of caution, the Court will review the recommendations of the Magistrate Judge.

The Magistrate Judge did not err in concluding that Defendants did not violate Plaintiff's Eighth Amendment rights relating to his excessive force claim. Plaintiff does not dispute the fact that he failed to comply with the instructions by the guard. He does not contend that he is deaf, and the record indicates that his hearing problems relate to one ear. Harley does not dispute that the incident began when Defendant Gardner found paper blocking the air vents in his cell; nor does he

4

dispute Defendants' contention that he became loud and/or belligerent before the use of chemical munitions by Defendant McCall. As the Magistrate Judge observed, Harley had actually been taken to sick call earlier in the day of the incident, after he had complained about the cold temperatures in his cell. In addition, Harley does not dispute the defendants' contention that "Defendant McCall discharged three short blasts of chemical munitions and ceased the use of force upon Harley's compliance." Therefore, the court agrees with the Magistrate Judge that the plaintiff has not satisfied the two-prong test for Eighth Amendment excessive force claims. *See Wilson v. Seiter*, 501 U.S. 294 (1991). Also, no reasonable jury could find the defendants showed "wantonness in the infliction of pain,"[4] or that the use of force was not a good faith effort to restore and maintain prison discipline when dealing with a recalcitrant prisoner but rather was used maliciously and sadistically to cause physical harm. *See Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010).

In addition, the Magistrate Judge did not err in concluding that Plaintiff has not shown that the conditions of his confinement violate the Eighth Amendment. Although the plaintiff complains that his cell was cold and that "conditions are life threatening" (Objections, p. 8), he has not refuted the affidavit of Defendant Cartledge that thermostats are "set to 68 degrees Fahrenheit during winter months and 78 degrees Fahrenheit during summer months." (ECF No. 84-3 at 1) In fact, he apparently removed his prison jumpsuit at times because he was hot. He also has not shown serious physical or mental injury resulting from the alleged cold temperatures in his cell.

Therefore, addressing Plaintiff's objections regarding the Magistrate Judge's conclusions concerning Plaintiff's § 1983 claims, the Court finds that Defendants' motion for summary judgment should be granted. The Court dismisses the plaintiff's state law claims for lack of jurisdiction. The Court adopts the recommendation by the Magistrate Judge in the R&R, as

---

[4] *Whitley v. Albers*, 475 U.S. 312, 322 (1986).

modified regarding the state law claims, and denies the plaintiff's (ECF Nos. 62[5], 67, 68, 81, and 93) motions.

After the R&R was issued, Plaintiff filed a Motion for TRO and Preliminary Injunction. (ECF No. 104)  He requests transfer to another correctional facility on the basis that his life is allegedly in danger and that he has been strip celled and fed nutraloaf.  Defendants have filed a Response in Opposition to the motion.  The Court denies the plaintiff's motion.  To obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.* 555 U.S. 7 (2008).  It is well-settled that a prisoner has no due process right to be housed in the facility of his choice.  *See Olim v. Wakineknoa*, 461 U.S. 238 (1983).  Therefore, the plaintiff has not shown a likelihood of success on the merits.  Also, feeding the plaintiff nutraloaf is not a constitutional violation.  *See LeMaire v.* Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); *Thomas v. Warner*, 237 Fed. App. 435, 438 (11th Cir. 2007); *Gates v. Huibregtse*, 69 Fed. Appx. 326, 327 (7th Cir. 2003).  Accordingly, Plaintiff's [104] Motion for TRO and Preliminary Injunction is DENIED.

### CONCLUSION

The Court has thoroughly reviewed the entire record, including the motions, the R&R, objections to the R&R, and applicable law.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the R&R of the Magistrate Judge, as modified.

---

[5] Plaintiff appears to assert that prison officials are denying him access to the courts by refusing his requests for writing supplies. However, Plaintiff's lengthy filings belie this claim.  Plaintiff attaches a declaration in which he refers to a defendant Merchant, the postal director of PCI.  However, Merchant is not a party to this case.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (ECF No. 84) is **GRANTED as to the Section 1983 claims; the plaintiff's state law claims are dismissed without prejudice;** Plaintiff's motions for judgment on the pleadings or for summary judgment (ECF Nos. 67 and 81) are **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's complaint be **DISMISSED** *with prejudice as to the Section 1983 claims and DISMISSED without prejudice as to the state law claims*. Plaintiff's [62] motion for preliminary injunction and [104] Motion for TRO and Preliminary Injunction are DENIED. Plaintiff's [93] motion for default judgment and [68] motion for hearing are denied. Plaintiff's [100] Motion for Extension of Time is deemed moot.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 19, 2015