UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Thomas Harley, | ) | Civil Action No.: 0:13-cv-02350-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Larry Cartledge, Warden; Maj. Earley; | ) | |
| Cpt. Miller; Lt. Cashwell; Sgt. McCall; | ) | |
| C/O Gardner; Harper, HCA; N/P Enloe; | ) | |
| PRN Dean; State Class Com Director; | ) | |
| Lt. Robinson; Plan Wker Ogunsile; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging various claims related to the conditions of his confinement, in addition to state law claims, arising largely from an incident that occurred on August 1, 2013.  The Court adopted the Report and Recommendation of Magistrate Judge Paige J. Gossett and granted summary judgment in favor of the Defendants on Plaintiff's § 1983 claims and declined to exercise supplemental jurisdiction over Plaintiff's state law claims.  This matter is before the court on Plaintiff's [ECF #112] motion for rehearing or rehearing *en banc*, which this Court will construe as a motion to alter or amend under Rule 59 of the Federal Rules of Civil Procedure.

Motions to alter or amend under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.).  The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening *change in controlling* law; (2) on account

of *new* evidence; or (3) "*to correct* a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that *could have been made before the judgment was entered*." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (emphasis added). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Plaintiff has not alleged a change in controlling law or new evidence, but appears to argue that relief from the judgment is necessary to correct a clear error of law or prevent manifest injustice. Plaintiff argues that a material fact or legal matter was overlooked, the Court's Order is in conflict with a decision of the U.S. Supreme Court or another Court of Appeals, and the proceeding involves one or more questions of exceptional importance. Plaintiff's brief, however, essentially restates the facts alleged in his Complaint and his objections to the Report and Recommendation. Plaintiff has failed to identify a clear error of law or otherwise set forth an adequate basis for relief under Rule 59. Accordingly, Plaintiff's [Docket Entry #112] motion for rehearing or rehearing *en banc* is **DENIED**.

**IT IS SO ORDERED**.

November 18, 2015                          s/ R. Bryan Harwell
Florence, South Carolina                   R. Bryan Harwell
                                           United States District Judge

2